UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS G. THORP,

               Plaintiff,               Case No. 1:12-cv-1060

v.                                          Honorable Paul L. Maloney

MICHIGAN PAROLE BOARD et al.,

               Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and state law. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's § 1983 action will be dismissed for failure to state a claim. Also, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

**Discussion**

  I.  Factual allegations

Plaintiff Thomas G. Thorp presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility. In his *pro se* complaint, Plaintiff sues the Michigan Parole Board and the following members of that board: Tom Combs, Amy Bonito, Barbara Sampson, Sonia Warchock, Anthony King, Stephen DeBoer, Jayne Price, Charles Brown, Abigail Callejas, and Michael Eagen.

Plaintiff alleges that, in 2004, he was convicted of five counts of first-degree criminal sexual conduct (CSC) involving his step-daughter. In October 2007, those convictions were vacated because they were barred by the statute of limitations. A week later, however, Plaintiff was charged with criminal sexual conduct involving his biological daughter. Shortly thereafter, Plaintiff pleaded no contest to three counts of *second*-degree criminal sexual conduct involving his step-daughter, Mich. Comp. Laws § 750.520c(1)(A), in exchange for dismissal of the charges regarding his biological daughter. Plaintiff was then sentenced in Charlevoix County Circuit Court to prison terms of ten to fifteen years for each count.[1]

Plaintiff admits that he is guilty of an offense against his step-daughter for conduct occurring in 1991, but maintains his innocence for the offenses for which he is presently incarcerated because the victim stated that she was not sure whether any crime had occurred.[2] In

---

[1] The Court obtained information regarding Plaintiff's convictions and sentences from the MDOC Offender Tracking Information System website at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=495722.

[2] Attached to the complaint is a portion of the transcript for Plaintiff's January 2008 sentencing hearing, in which the victim states that she does not know whether Plaintiff was "inside me all the way or half way or just a very little bit[.]" (Ex. B to Compl., docket #1-2, Page ID#21.)

2008, Plaintiff was told by MDOC officials that two conditions would facilitate his early release on parole: completion of a sex-offender treatment program (SOTP) and prison employment. Plaintiff has fulfilled the employment requirement, but he has been denied participation in the SOTP because he refuses to admit guilt for his offenses.

Plaintiff became eligible for parole in June 2012. Prior to that date, in October 2011, Defendant Michael Eagen interviewed Plaintiff for parole, asking Plaintiff if he committed the offense for which he is incarcerated. Plaintiff denied guilt for the offense, but admitted that he was guilty of a 1991 offense against the victim, *i.e.*, "exposure of his penis for sexual gratification." (Compl., docket #1, Page ID#4.) Eagen asked Plaintiff if the information in the pre-sentence investigation report was correct. Plaintiff responded that it was "correct for what the prosecutor and parole officer felt was correct," but it did not reflect the victim's uncertainty as to whether the crime had, in fact, occurred. (*See* note 2, *supra*.)

On October 31, 2011, the parole board referred Plaintiff to a psychologist for a mental health evaluation. The psychologist[3] interviewed Plaintiff, asked him if he committed his offense, and asked if there were other victims. She was "adamant about plaintiff not admitting to the offense," and told him, "if you want to go home then tell the truth, or you won't even get into group, it[']s a requirement to admit to the offense, or any other victims . . . ." (Compl., docket #1, Page ID#5.) Plaintiff maintained his innocence. The psychologist reported to the parole board that Plaintiff had received low scores on several tests designed to evaluate his risk for recidivism and violence, but she recommended that he be required to complete the SOTP before release because he denied guilt for his offense.

---

[3]The psychologist is identified as "Ms. Wolak." (*See* Compl., docket #1, Page ID#5.) She is not named as a Defendant in this action.

On November 17, 2011, the parole board decided not to release Plaintiff on parole and declined to refer him to the SOTP, noting that Plaintiff denied the offense for which he is incarcerated.[4] Plaintiff asserts that the parole board refused to take into account his low risk-assessment scores, and denied parole "solely" because he would not admit guilt for his offense. (*Id.* at Page ID#13.) He contends that the parole board has a policy of denying parole to inmates who refuse to admit guilt for their offenses. According to Plaintiff, there is "no justifiable reason to keep [him] incarcerated." (*Id.*)

Plaintiff claims that the requirement that he admit guilt as a condition for parole violates his right to freedom of speech under the First Amendment and his right not to incriminate himself under the Fifth Amendment. He also implies that Defendants violated his right to due process under the Fifth Amendment and his right to equal protection under the Fourteenth Amendment. Plaintiff further contends that Defendants have engaged in a conspiracy to violate the foregoing rights. Finally, Plaintiff claims that Defendants violated corresponding rights in the Michigan Constitution, and violated Michigan law (Mich. Comp. Laws § 791.234a and Mich. Admin. R. 791.2215) by failing to consider all factors relevant to his suitability for release.

As relief, Plaintiff seeks: a declaratory judgment; an injunction requiring him to be released on parole; a show-cause order requiring Defendants to explain why Plaintiff should not be released on parole; appointment of counsel; and/or other relief as the Court deems appropriate.

Also before the Court are Plaintiff's motions for appointment of counsel (docket #7) and for injunctive relief (docket #10).

II. Failure to state a claim

---

[4]The parole board's written notice of decision is signed by Defendants Eagen and Warchock. (Ex. A to Compl., docket #1-1, Page ID#18.)

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement ordinarily should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). In addition, the Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citation omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified the *Heck* rule, stating that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Applying the principles in *Preiser* and *Heck* to the instant action, the Court concludes that it must be dismissed for failure to state a claim. First, the form of relief requested by Plaintiff, release on parole, is not available to him in a § 1983 action. *See Preiser*, 411 U.S. at 484. Second,

his claims are not cognizable under § 1983. The crux of Plaintiff's complaint is that Defendants have denied him early release on parole for improper reasons. Success on that claim would necessarily imply the invalidity of his present confinement.

In contrast, the Supreme Court has held that a prisoner's challenge to *procedures* used to determine eligibility for parole was not *Heck*-barred, because success in that challenge would entitle the prisoner to a new parole hearing, but would not necessarily demonstrate that the prisoner is entitled to release. *Wilkinson*, 544 U.S. at 82. In *Wilkinson*, the Court also noted that the petitioners in that case did not seek an injunction ordering immediate or speedier release. *Id.* Unlike the petitioners in *Wilkinson*, however, Plaintiff does not challenge the parole board's procedures. Instead, he challenges the basis for its decision, claiming that there is no justifiable reason to continue his confinement in prison. In addition, he expressly requests an injunction ordering his release on parole. Thus, Plaintiff's action is not cognizable under § 1983 unless Defendants' decision has been invalidated or called into question by state or federal processes. None of Plaintiff's allegations indicate that it has; therefore, his action under § 1983 is *Heck*-barred.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous). Therefore, Plaintiff's § 1983 action will be dismissed for failure to state a claim.

### III. Supplemental jurisdiction

Plaintiff also asserts violations of state law. To the extent Plaintiff asserts state-law claims that are independent from his § 1983 action, this Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367©); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's independent state-law claims, if any, will be dismissed without prejudice.

### IV. Pending motions

Because Plaintiff's action will be dismissed, his pending motions for appointment of counsel (docket #7) and for injunctive relief (docket #10) will be denied as moot.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.


Dated:   November 19, 2012              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge